IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| GREGORY ALLEN ROBINSON, #1924476 | § | |
| VS. | § | CIVIL ACTION NO. 6:16cv485 |
| WILLIAM STEPHENS, ET AL. | § | |

## ORDER OF PARTIAL DISMISSAL

Plaintiff Gregory Allen Robinson, an inmate previously confined at the Gurney Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis,* filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was referred to United States Magistrate Judge K. Nicole Mitchell, who issued a Report and Recommendation (Dkt. #16) for the disposition of the lawsuit. Mr. Robinson has filed objections (Dkt. #17).

Mr. Robinson complains about the medical care he received after he broke his ankle playing basketball. United States Magistrate Judge K. Nicole Mitchell found that he had alleged facts sufficient to proceed with his deliberate indifference to serious medical needs claim against Nurse Debbie Rinehart and Provider Sientz. She found that the claims against former Director William Stephens and the Gurney Unit should be dismissed.

In his objections, Mr. Robinson focuses on the problems he has experienced since breaking his ankle. Magistrate Judge Mitchell noted the problems he has experienced in the Report and Recommendation and found that he should be permitted to proceed with his medical claims against people who are appropriate defendants in a civil rights lawsuit.

1

Mr. Robinson's objections do not, however, address the reasons provided by Magistrate Judge Mitchell for recommending the dismissal of former Director Stephens and the Gurney Unit. Nonetheless, Magistrate Judge Mitchell correctly explained that the United States Supreme Court has held that the doctrine of *respondeat superior* does not apply in § 1983 actions. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691, 98 S. Ct. 2018, 2036 (1978). Moreover, the term supervisory liability in the context of a § 1983 lawsuit is a "misnomer" since "[e]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 677, 129 S. Ct. 1937, 1949 (2009). A supervisor may be held liable only if one of the following exists: (1) his personal involvement in the constitutional deprivation, or (2) sufficient causal connection between the supervisor's wrongful conduct and the constitutional violations. *Thompkins v. Belt*, 828 F.2d 298, 303-304 (5th Cir. 1987). Mr. Robinson has not alleged facts showing that former Director William Stephens was personally involved in this matter or that there was a causal connection between his wrongful conduct and a constitutional violation. The claims against him should be dismissed.

The final defendant is the Gurney Unit. In a civil rights lawsuit filed pursuant to 42 U.S.C. § 1983, a plaintiff must sue a person who, under color of law, subjects a citizen to deprivation of his federal rights. "The elements of a § 1983 action are: (1) a deprivation of rights secured by the constitution, (2) by a person acting under color of state law." *Evans v. City of Marlin, Tex.*, 986 F.2d 104, 107 (5th Cir. 1993). The Gurney Unit is not a person. The Fifth Circuit has found that neither states nor state agencies are "persons" within the meaning of § 1983. *Ruiz v. Estelle*, 679 F.2d 1115, 1137 (5th Cir. 1982), *cert. denied*, 460 U.S. 1042, 103 S. Ct. 1438

(1983). Federal claims against the prison must be dismissed. *Loya v. Texas Dept. of Corrections*, 878 F.2d 860, 861-62 (5th Cir. 1989) (citing *Ruiz*, 679 F.2d at 1137). Mr. Robinson has pled no State claim against the prison. He may pursue his federal claims against the proper defendants, but Director Stephens and the Gurney Unit are not proper defendants. The claims against them fail to state a claim upon which relief may be granted and are frivolous in that they lack any basis in law and fact; thus, the claims against them should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Mr. Robinson to the Report, the court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and Mr. Robinson's objections are without merit. Therefore the court adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the court. It is accordingly

**ORDERED** that Mr. Robinson may proceed with his deliberate indifference to serious medical needs claim against Nurse Debbie Rinehart and Provider Sientz. It is finally

**ORDERED** that Mr. Robinson's remaining claims are **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

So **ORDERED** and **SIGNED** this **25** day of **October, 2016.**

_____
Ron Clark, United States District Judge