IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| GREGORY ALLEN ROBINSON, #1924476 | § | |
| VS. | § | CIVIL ACTION NO. 6:16cv485 |
| WILLIAM STEPHENS, ET AL. | § | |

ORDER OF DISMISSAL

Plaintiff Gregory Allen Robinson, an inmate previously confined at the Gurney Unit of the Texas prison system, proceeding *pro se*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The defendants remaining in the lawsuit are Nurse Debbie Rinehart and Provider Sientz (hereinafter "Defendants"). The complaint was referred to United States Magistrate Judge K. Nicole Mitchell, who issued a Report and Recommendation (Dkt. #31) concluding that the Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1) (Dkt. #21) should be granted. Plaintiff filed objections (Dkt. #33). The Defendants filed a response (Dkt. #37) pursuant to an order of the court.

Plaintiff broke his ankle playing basketball on May 16, 2016. Security personnel took him to Palestine Regional Medical Center. Medical personnel placed his ankle in a splint. The plan was to keep Plaintiff's ankle in a splint until he could be transported to UTMB for surgery. The lawsuit was filed on June 2, 2016. At that time, he was still waiting to be sent to UTMB in Galveston for surgery. Plaintiff complained about the medical care provided at the Gurney Unit, but the only factual allegations attributed to the Defendants were that they had not provided him

1

with any pain medication. In a supplemental complaint, Plaintiff states surgery was performed on June 8, 2016. In his objections, Plaintiff states that the Defendants did not fill a prescription for Tylenol #3 issued by Dr. F. Speck upon his discharge from UTMB in Galveston.

Magistrate Judge Mitchell found that the Defendants were entitled to Eleventh Amendment immunity to the extent that Plaintiff sued them in their official capacity for damages. She further found that the Defendants persuasively argued that Plaintiff had not pled facts sufficient to show personal involvement in subjecting him to an unnecessary and wanton infliction of pain. Magistrate Judge Mitchell finally found that the Defendants were entitled to qualified immunity. More specifically, Plaintiff (1) failed to allege facts showing that they violated his constitutional rights, and (2) failed to even address the prong requiring him to show that they violated clearly established statutory or constitutional rights of which a reasonable person would have known.

Plaintiff's objections restate his basic claim that the Defendants failed to provide him with medication. The Defendants observed in their response that his objections fundamentally appear to be an amended or supplemental complaint, but he did not seek leave to file an amended complaint. They correctly argue that the additional facts should not be considered as part of the motion to dismiss record. The Fifth Circuit has repeatedly held that issues raised for the first time in objections are not properly before a court. *Cupit v. Whitley*, 28 F.3d 532, 535 n.5 (5th Cir. 1992); *Harrison v. Smith*, 83 F. App'x 630, 631 (5th Cir. 2003).

The Defendants also persuasively argue that Plaintiff did not file proper objections. Pursuant to 28 U.S.C. § 636(b)(1), a "judge of the court shall make a de novo determination of those portions of the report . . . to which objections are made." As such, the Fifth Circuit observed

that "[p]arties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglas v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Plaintiff did nothing more than restate his basic factual allegations. He did not identify the findings to which he was objecting. In particular, he did not address the arguments that the Defendants are entitled to have the claims against them dismissed based on Eleventh Amendment immunity, lack of personal involvement and qualified immunity.

Finally, the Defendants persuasively argued that Plaintiff's claims do not support an inference of deliberate indifference. Their alleged failure to follow medication recommendations issued by Palestine Regional Medical Center, or UTMB in Galveston, amounts to a disagreement with the treatment provided. *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997) ("Disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs."). Moreover, to the extent that Plaintiff complains about delays, a delay in treatment is actionable under § 1983 only if there has been deliberate indifference and the delay results in substantial harm. *Stewart v. Murphy*, 174 F.3d 530, 537 (5th Cir. 1999); *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Plaintiff has shown neither deliberate indifference nor substantial harm caused by delays. The Defendants persuasively argue that the court should adopt the findings and conclusions of Magistrate Judge Mitchell.

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and

having made a *de novo* review of the objections raised by Plaintiff to the Report, the court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and Plaintiff's objections are without merit. Therefore, the court adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the court. It is accordingly

**ORDERED** that the Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1) (Dkt. #21) is **GRANTED** and the lawsuit is **DISMISSED** with prejudice. All motions not previously ruled on are **DENIED**.

**So ORDERED and SIGNED this 16th day of April, 2017.**

_____
Ron Clark, United States District Judge